Filed 7/13/23  P. v. Landis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD HAROLD LANDIS,<br><br>Defendant and Appellant. | E080146<br><br>(Super.Ct.No. CR59243)<br><br>OPINION |


APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard Harold Landis, in pro. per.; Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Richard Harold Landis appeals the Riverside County Superior Court's denial of his Penal Code section 1172.6 petition for resentencing.[1] We will affirm.

## BACKGROUND

In 1995, a jury convicted defendant of first degree murder of Karen Beloz, who was found strangled and wrapped in a blanket in the backseat of a car that had been doused with gasoline and set on fire. (Pen. Code, § 187, count 1.) It also convicted him of a felony violation of Vehicle Code section 2800.2 (driving in willful disregard for the safety of persons or property while fleeing from a pursuing police officer, count 3), and misdemeanor reckless driving in violation of Vehicle Code section 23103, subdivision (a), count 4. The trial court found true the allegations defendant had suffered a Penal Code section 667.5, subdivision (b), prior prison term as well as two prior convictions for serious and violent felonies coming under the three strikes law (§ 667). (*People v. Landis* (Jan. 24, 1997, E016856) [nonpub. opn.] (*Landis I*).)

In August 1995, the court sentenced defendant to a total indeterminate sentence of 101 years to life. The sentence consisted of 75 years to life for the first degree murder conviction, a term of 25 years to life under the three strikes law for the Vehicle Code section 2800.2 felony violation, and a one-year term for the prison prior stemming from a

---

**1** Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

vehicle theft in 1989.  Defendant appealed the judgment and we affirmed.  (*Landis I*, *supra*, E016856.)

In May 2022, we affirmed the trial court's denial of defendant's petition for recall of his sentence pursuant to section 1170.126, which, by its terms, does not apply to persons convicted of any homicide offense.  We also denied his request to remand his case for compliance with the procedures for recall and resentencing pursuant to section 1171.1, which had rendered legally invalid his prison prior enhancement, finding it would undermine the Legislature's purpose for establishing  staggered deadlines for implementation of that statute.

In July 2022, defendant filed a resentencing petition pursuant to section 1172.6.  The People and defendant's counsel agreed defendant was the actual killer, that the jury was not instructed on either the felony murder or natural and probable consequences theory, and defendant was not eligible for resentencing relief.  The court denied the petition.  Defendant timely noticed this appeal from the denial.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.  Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions, and states she considered whether the trial court erred "to the extent the court denied the petition based in part on [the People's] representation that [defendant] was

ineligible for relief" because our opinion stated that defendant strangled and burned the victim.

Upon receipt of the opening brief, we notified defendant (i) that his counsel had filed a brief stating she had not found an arguable issue, (ii) that this court is not required to conduct an independent review of the record but may exercise its discretion to do so, and (iii) we invited him to file any arguments he deemed necessary.

In his handwritten letter submitted in response to our invitation, defendant raises two points in support of his claim. He argues section 1172.6 states that a hearing on a petition should take place "if there is any doubt of petitioner's innocence" and concludes that he should either be granted a new trial or be released by this court in the interests of justice. In a related argument, defendant posits that former section 1170.03 (which was amended and renumbered to § 1172.1 by Stats 2022, ch. 58 § 9 (Assem. Bill No. 200), eff. June 30, 2022, and will be referred to by its current number) not only "clarifies" the court's duty to determine whether defendant could presently be convicted of murder but also provides the court an opportunity to consider a defendant's mitigating factors.

In support of his claims, defendant expresses a variety of concerns about his trial and conviction: no motive was established, his ex-wife had made threats against the victim and had motive to kill her, there was no DNA or blood evidence, and the statement of the only witness against him was obtained by the detectives by means of coercion. Defendant did not raise those issues in his appeal from the judgment (*Landis I*, *supra*, E016856.), and the time for seeking review of them has long since passed. (Cal. Rules of

4

Court, rule 8.308(a) [notice of appeal must be filed within 60 days after rendition of the judgment or the making of the order being appealed].)

Defendant also asks this court to resentence him, suggesting a reduction of his charge to manslaughter and time served. He points to his conclusion that his ex-wife committed the murder, and notes as well that he suffers from several serious physical maladies, he has a large family that provides a huge support system, that (to his credit) he has completed a number of programs, has letters of recommendation from law enforcement personnel, and has proven to the Department of Corrections and the public that he is not a danger to society. Defendant's efforts to obtain resentencing must be directed to the superior court in the county in which defendant was sentenced (§ 1172.1, subd. (a)) and, to the extent, if any, defendant may be eligible for elderly or medical parole, those efforts must be directed to the California Department of Corrections and Rehabilitation.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

RAPHAEL _____
J.

5